## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Murray American Energy, Inc.,[1]**
**Employer Below, Petitioner**

**v.)**      **No. 23-88**      (JCN: 2020010683)
                         (ICA No. 22-ICA-120)

**Richard Yost, Jr.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc. appeals the January 10, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Murray American Energy, Inc. v. Yost*, No. 22-ICA-120, 2023 WL 152219 (W. Va. Ct. App. Jan. 10, 2023) (memorandum decision). Respondent Richard Yost, Jr. filed a timely response.[2] The issue on appeal is whether the ICA erred in affirming the August 22, 2022, decision of the West Virginia Workers' Compensation Board of Review. In its order, the Board of Review affirmed the April 29, 2022, order issued by the Worker's Compensation Office of Judges, which modified the claim administrator's August 3, 2021, order to add post-concussional syndrome and post-traumatic headaches as secondary conditions in the claim.[3]

---

[1] For reasons not readily apparent in the record on appeal, the parties have substituted "Harrison County Coal Resources, Inc." for the employer that was identified below, "Murray American Energy, Inc." However, we use the name of the employer as designated in the order on appeal.

[2] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel H. Dill Battle, III.

[3] The Board of Review decided the appeal of an order entered by the Office of Judges on January 28, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of

Petitioner argues that the ICA erred because there is insufficient credible evidence in the record to show that Mr. Yost suffers from post-traumatic headaches as a result of his workplace injury. Mr. Yost asserts that the ICA, as well as multiple treating physicians, found Mr. Yost to have post-concussional syndrome and post-traumatic headaches directly related to his compensable work injury, and the lower tribunals properly added the diagnoses as compensable conditions within the claim.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. *See* Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 1, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022.)